## SUPERIOR COURT

State }
vs } No. 12,225.
Charles A. Bloss }

Rescript.

January 13, 1925.

Baker, J. Heard on defendant's motion for a new trial.

In this case the defendant was tried before a jury on an indictment charging manslaughter and was found guilty.

His motion for a new trial is based on several grounds, but those urged chiefly are that the verdict of the jury was against the weight of the

evidence and that the jury in reaching its verdict was influenced by a hostile public opinion and by prejudice, and not by the evidence in the case.

The testimony produced at the trial showed that the deceased person, one Florence H. Dawson, at the time of the occurrence was standing on a safety zone, socalled, with two other persons waiting for an electric car, said safety zone being located in a portion of North Main street in the city of Providence. On this safety zone was a metallic light pole with a light at the top, which was lit. The evidence showed that late in the afternoon, while it was dark, an automobile was driven up onto this safety zone, knocking down and scattering the three occupants of the isle of safety, so called, breaking down the light pole and then continuing on its way towards Pawtucket. The deceased, Florence H. Dawson, received injuries which later caused her death by reason of being struck by this automobile.

On the testimony introduced during the trial there were two clear cut issues raised on the conflicting testimony for the determination of the jury; first: as to the identity of the car and the driver bringing about the death of Florence H. Dawson, and, second: whether this car at the time the occurrence happened was operated in a criminally negligent manner. These two issues were submitted to the jury.

In regard to the first matter, viz: the question of identity, defendant's claim was that he came past the place of the accident a few minutes after the injury had taken place, and that some one else, and not he, was operating the automobile which brought about the death of the deceased. On the other hand, the State introduced evidence tending to place the defendant at or near the isle of safety at about the time the accident happened. Testimony was also introduced showing an injury to the mudguard of the car driven by the defendant. It was also in evidence that the deceased's glasses were found on the defendant's car and there was also a reference made to some small tissues found on the automobile which might have been human flesh. Taking all these facts into consideration, and also the defendant's own testimony, and the testimony of Miss Davey, who was in the automobile with him, in regard to feeling a bump or hearing a noise, and also the action's of the defendant and Miss Davey after they reached the city of Pawtucket, it is clear that this issue of identity was one for the determination of the jury. From all the evidence in the case, the Court feels entirely satisfied that it was the automobile operated by the defendant which struck the deceased when she was standing on this isle of safety and that beyond any reasonable doubt it was defendant's automobile, operated by him, which brought about the death of Florence H. Dawson.

It appears to the Court also that it was beyond question a matter for the jury to determine on all the evidence in the case whether or not at the time the accident occurred, the car was being operated by the defendant in a criminally negligent manner. There was testimony as to the speed of the car. There was testimony in the case that the car, when it mounted the isle of safety, knocked down the three people standing thereon and broke down the metallic light pole and continued on its way without stopping. There was also in the case a line of testimony bearing on the question as to whether or not the defendant was under the influence of liquor at the time the accident happened. The defendant contends that this testimony prejudiced him in the eyes of the jury.

In the opinion of the Court, on all the testimony, it was for the jury to say whether or not, at the time the deceased was killed, the defendant was under the influence of liquor or in any way intoxicated. There was testimony in the case bearing upon this question and dealing with defendant's acts both before and immediately after the accident happened. Reference might be made particularly, perhaps, to the evidence in regard to the defendant taking a drink while he was in a theatre in the city of Providence and also to the testimony relating to liquor while the defendant and Miss Davey were having dinner in a restaurant in Providence shortly before the occurrence in question happened. The jury had the benefit of the testimony of the men in the garage to which defendant took his car when he reached Pawtucket. It is also proper in this connection to consider the testimony of the young woman, Miss Davey, who was riding with the defendant in his automobile at the time and who was a rather reluctant witness.

In this connection the defendant contended that he was sober until he went into the Plaza Hotel in Pawtucket, which was some little time after the accident.

On this whole line of testimony and on the question as to the manner in which the car was being operated at the time the deceased was killed, it was clearly, in the opinion of the Court, a question for the jury to say whether or not the defendant, under all the circumstances, was guilty of criminal negligence.

The defendant contended that the traffic on North Main street on the night in question was quite heavy and the isle of safety, so called, was in fact an obstruction on the highway and that running upon it did not constitute criminal negligence. The Court thinks that this issue was one for the jury to decide, taking all the circumstances of the defendant's condition, his manner of operating the automobile and the time and place into consideration.

In view of all the testimony in the case, in the judgment of the Court the jury was amply and fully warranted in finding beyond a reasonable doubt that the defendant was the person operating the automobile which caused the death of the deceased and that at the time of the accident said automobile was being operated in a criminally negligent manner, and that, therefore, the defendant was guilty of the offence of manslaughter as charged in the indictment.

No affidavits of any kind have been produced tending to show that the jury was in any way actuated by prejudice or passion or by any hostile public opinion, as the defendant argues. There is nothing in the case to show that the jury did not give the case ample and fair consideration on the testimony.

Defendant's motion for a new trial is denied.

For state: Attorney General.

For defendant: Charles A. Walsh.